IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

WILLIAM C. PONTIUS, M.D. and
MOLLIE J. PONTIUS                                                                                          PLAINTIFFS

VS.                                                                              CAUSE NUMBER: 1:06CV749-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY;
an Illinois Corporation; and JOHN AND JANE DOES 1-10                          DEFENDANTS

## MOTION FOR PROTECTIVE ORDER

COMES NOW, the defendant, State Farm Fire & Casualty Company (hereinafter "State Farm") and files this Motion for Protective Order, and would state unto the Court as follows:

### I. INTRODUCTION

State Farm respectfully requests that the Court grant a protective order as to its production of certain proprietary, confidential and trade secret documents requested by the plaintiffs in the instant case. State Farm seeks to produce the documents requested pursuant to a protective order providing that the documents not be disclosed outside this litigation except to the following persons:

1. The parties and counsel of record for the parties in this litigation, including all associates, paralegals, and stenographic and clerical employees of the respective parties to this case;

2. Any outside witness, consultant, adviser or expert retained, deposed or consulted by a party for the purpose of obtaining such individual's advice or opinion regarding issues in this litigation, but only to the extent necessary for the individual to provide such advice or opinion and provided the individual has executed an appropriate agreement to maintain confidentiality in the form; and

3. The Court, including any Judge, Magistrate, or Judicial Law Clerk who is assigned to the case.

A proposed protective order is attached hereto as Exhibit "A". Certification of consultation with plaintiffs' counsel as to this motion is attached hereto as Exhibit "B". An affidavit from State Farm outlining the confidential nature of the documents in question is attached hereto as Exhibit "C".

## II. PRIVILEGE LOG

State Farm seeks to obtain a protective order as to the following documents:

| DOCUMENT | DESCRIPTION | PRIVILEGE |
| --- | --- | --- |
| CAT PL - Southern Zone; Claims Issues #1 (September 19, 2005) | Specific claim adjustment issues related to Hurricane Katrina | trade secret |
| CAT PL - Southern Zone; Claims Issues #2 (September 21, 2005) | Specific claim adjustment issues related to Hurricane Katrina | trade secret |
| CAT PL - Southern Zone; Claims Issues #3 (September 21, 2005) | Specific claim adjustment issues related to Hurricane Katrina | trade secret |
| CAT PL - Southern Zone; Claims Issues #4 (September 29, 2005) | Specific claim adjustment issues related to Hurricane Katrina | trade secret |
| Alabama and Mississippi; CAT PL Estimating Guidelines | Specific claim adjustment issues related to Hurricane Katrina | trade secret |
| Quick Reference Guide for Adjusters | State Farm Catastrophe Claim Handling Information | trade secret |
| OG 79-001 | Catastrophe Program - General Principles | trade secret |
| OG 79-003 | Catastrophe Program - Independent Adjuster Drafts | trade secret |
| OG 79-008 | Catastrophe Team Manager | trade secret |
| OG 79-009 | National Catastrophe Team Members and Regional Catastrophe Volunteers | trade secret |

| OG 79-011 | Regional Catastrophe Coordinator | trade secret |
| OG 79-012 | Catastrophe Program - Agent Loss Reporting | trade secret |

### III. STANDARDS

Fed. R. Civ. P. 26(c) permits the permits the Court for good cause shown to make any order which justice requires to protect a party from annoyance, embarrassment, oppression or undue burden or expense, including:

> (7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way[.]

Courts have held that the purpose of this rule is to facilitate discovery: "If [parties] suspect that their trade secrets may fall into the wrong hands, parties may be uncooperative with respect to discovery requests. Assuring the safety of these sensitive disclosures often has the effect of encouraging the apprehensive litigants to fully cooperate with the discovery process." *Andrew Corporation v. Rossi*, 180 F.R.D. 338, 340 (N.D. Ill. 1998), citing *In re Krynicki*, 983 F.2d 74, 75 (7th Cir.1992).

The Mississippi Uniform Trade Secrets Act defines a "trade secret" as:

> (d) "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique or process, that:
>
> (i) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and
>
> (ii) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Miss. Code Ann. § 75-26-3(d).

It is well settled that trade secrets are a form of property which is protected by the Fifth Amendment to the United States Constitution. *See Carpenter v. United States*, 484 U.S. 19, 26, 108 S.Ct 316, 98 L.Ed. 2d 275 (1987). Thus, public knowledge of trade secrets through forced disclosure would constitute an uncompensated taking.

Courts have consistently held that an insurance company's claim manuals and training materials (including State Farm's claim manuals and training materials) constitute a trade secret or confidential information within Fed. R. Civ. P. 26(c)(7). *See Republic Services, Inc. v. Liberty Mutual Ins. Co.*, 2006 WL 1635655 (E.D. Ky.); *Hamilton v. State Farm Mut. Auto. Ins. Co.*, 204 F.R.D. 420 (S.D. Ind. 2001). In *Hamilton*, the court held in regard to State Farm claim materials:

> State Farm present[ed] sufficient evidence that its claims handling materials constitute trade secrets.
>
> * * *
>
> State Farm [made] a sufficient showing of good cause for the Court to enter a protective order by demonstrating a clear danger if its trade secrets are discovered by its competitors
>
> * * *
>
> The Court holds the documents in question fall within the meaning of Rule 26(c)(7), and that the potential dangers State Farm faces if a competitor gains access to its trade secrets and confidential information outweigh any legitimate interest one may possess in obtaining these documents. As a result, the Court finds that State Farm set forth good cause for the entry of a protective order.

*Hamilton*, 204 F.R.D. at 423-25.

## IV. DISCUSSION

State Farm seeks protection as to its claim manuals and training materials regarding adjustment of claims in general and hurricane claims in particular.

4

As demonstrated by the affidavit attached hereto as Exhibit "C", the documents in question are of independent economic value to State Farm in that it invested considerable time, effort and expense in creating these materials. These materials are unique creations of the company and are among its most valuable competitive assets. The competitive nature of the insurance business demands that core claims handling documents such as these be kept confidential. The discovery of the materials in question by a competitor would permit it to appropriate State Farm's trace secrets by duplicating or reconstructing its claims handling procedures without the experience, time and expense associated with State Farm's creation of such documents.

Furthermore, State Farm maintains stringent safeguards to prevent public dissemination of its claims handling materials, as seen by the fact that its policy requires that the documents are maintained in locked file cabinets and/or in areas not open to the public in locations protected by locks and/or burglar alarms.

All of the above factors weigh heavily in favor of a finding that the documents in question constitute trade secrets and are subject to protection within the instant litigation according to the protective order attached hereto as Exhibit "A".

WHEREFORE PREMISES CONSIDERED, State Farm respectfully requests that the Court find that the documents identified above constitute trade secrets and enter the protective order attached hereto as Exhibit "A".

RESPECTFULLY SUBMITTED,

STATE FARM FIRE AND CASUALTY COMPANY

HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668
(662) 234-4000

BY: */s/ H. Scot Spragins*
　　H. SCOT SPRAGINS, MSB # 7748

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Derek A. Wyatt @ dwyatt@barrettlawoffice.com; rmalone@barrettlawoffice.com

and I hereby certified that I have mailed by United States Postal Service the document to the following non-ECF participants:

**No manual recipients**

/s/ H. Scot Spragins