IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**WILLIAM PONTIUS, M.D. and**
**MOLLIE J. PONTIUS**                                                                 **PLAINTIFFS**

vs.                          **CIVIL ACTION NUMBER 1:06CV749-LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY;**
**an Illinois Corporation; and JOHN AND JANE DOES 1-10    DEFENDANTS**

**PLAINTIFFS' RESPONSE TO**
**MOTION FOR PROTECTIVE ORDER**

The Plaintiffs, William Pontius, M.D. and Mollie J. Pontius, by and through counsel serve this their Response to Motion for Protective Order (herein State Farm's "Motion") filed by Defendant State Farm Fire and Casualty Company ("State Farm") on November 2, 2006. In support of their Response, Plaintiffs show:

1.      The Motion for Protective Order filed by State Farm is <u>untimely</u> and should be dismissed by the Court summarily. State Farm filed its Motion <u>one (1) day before the close of discovery</u>, and *after* a Court-approved 30(b)(6) deposition of State Farm was commenced. State Farm held Plaintiffs' document request in its hands for thirty-seven (37) days without pursuing a motion to obtain a ruling on its argument that the disputed documents are trade secrets, confidential and/or privileged.

2.      Without Court authority, or even a pending motion to stand on, State Farm interrupted and blocked the completion of the Court-approved 30(b)(6) deposition of State Farm by unilaterally declaring that it would not designate any deponent for twelve (12) categories in the Re-Notice of 30(b)(6) deposition, because the Defendant contended that the subject matter of certain 30(b)(6) categories was objectionable to it.

3.  Despite Plaintiffs' counsels' agreement in writing to hold select documents confidential and not disseminate them until State Farm filed a motion and the Court made an informed and fully briefed determination of whether State Farm could sustain the burden of showing any of the disputed documents were trade secrets, confidential and/or privileged, State Farm ignored the agreement and unilaterally stonewalled the production of documents requested over thirty-seven (37) days ago.

4.  Alternatively, in the event the Court excuses State Farm for multiple and egregious procedural rule violations, Plaintiffs request that the Court afford Plaintiffs additional time to respond to the arguments State Farm advances in support of its Motion, and most importantly, order that State Farm make a confidential proffer of the documents to Plaintiffs counsel so that intelligent examination of the documents be permitted before Plaintiffs respond to State Farm contentions. Anything less requires Plaintiffs to rebut arguments blindly, and without ever seeing the documents State Farm staunchly maintains should be kept proprietary and secret.

5.  To the extent that any reply to the merits of State Farm's Motion is at this time required, Plaintiffs categorically deny that the manner in which a policyholder's claim is handled, including the existence and contents of any documents utilized or if not utilized, available for utilization by State Farm or others adjusting the claim, is appropriate for Court orders imposing secrecy. State Farm is under an absolute obligation to disclose, without secrecy orders or limitations, the entire claims process it utilized or failed to utilize in dispensing with the Plaintiffs' claim, subject only to limitations for matters which are clearly attorney-client privileged, work product or the like. If State Farm mixes its claims handling procedures with so-called "training materials" for the purpose of setting-up specious privilege

defenses based on trade secrets, the Court should not condone this conduct, and in doing so, place the open records policy of the federal court system in suspension in favor of protecting the special interests of State Farm, a 50 billion dollar corporation.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Court enter an order denying State Farm's Motion. Alternatively, and only in the event the Court excuses State Farm's egregious Rule violations, and decides to take up the merits of the Motion, Plaintiffs request that the order that State Farm to tender to Plaintiffs all documents it deems are confidential and secret, and pursuant to a conditional order of confidentiality by the Court, the Plaintiffs then be afforded ample opportunity to read and examine the documents before responding to the Motion.

Respectfully submitted, this the 8th day of November, 2006.

                               **PLAINTIFFS,**
                               **WILLIAM C. PONTIUS, M.D. and**
                               **MOLLIE J. PONTIUS**

                  By:   s/Derek A. Wyatt
                          Derek A. Wyatt, MSB Bar No. 7413

SCRUGGS KATRINA GROUP:

Richard F. Scruggs, MSB #6582
Sidney A. Backstrom, MSB# 99890
David Zachary Scruggs, MSB #100011
David Shelton, MSB# 99675
120-A Courthouse Square P.O. Box 1136
Oxford, MS 38655
Telephone: (662)281-1212
Facsimile: (662)281-1312
dickscruggs@scruggsfirm.com
sidbackstrom@scruggsfirm.com
zachscruggs@scruggsfirm.com
davidshelton@scruuasfirm.com

Don Barrett, MSB Bar No. 2063
Derek A. Wyatt, MSB Bar No. 7413
Marshall Smith, MSB Bar No. 99239
BARRETT LAW OFFICE P.O. Box 987
Lexington, MS 39095
Tel: 662-834-2376
Fax: 662-834-2409
dbarrett@barrettlawoffice.com
dwyatt@barrettlawoffice.com
mhsmithir@barrettlawoffice.com

Dewitt M. Lovelace, MSB No. 1449
LOVELACE LAW FIRM, P.A.
36474 Emerald Coast Parkway Suite 4202
Destin, FL 32541
Tel: (850) 837-6020
Fax: (850) 837-4093
dml@lovelacelaw.com

John Griffin Jones, MSB No. 3217
Steven H. Funderburg, MSB No. 9959
T. Stewart Lee, Jr., MSB No. 100396
JONES, FUNDERBURG, SESSUMS, PETERSON & LEE
901 North State Street
P.O. Box 13960
Jackson, MS 39236-3960
Telephone: (601) 355-5200
Facsimile: (601) 355-5400
johnjones@jfsplawfirm.com
sfunderbura@jfsplawfirm.com
slee@jfsplawfirm.com

Mary E. McAlister, MSB No. 2170
NUTT & MCALISTER, PLLC
605 Crescent Blvd., Suite 200
Ridgeland, MS 39157
Tel: (601) 898-7302
Fax: (601) 898-7304
mcalister@davidnutt.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

This is to certify that the undersigned counsel for the SCRUGGS KATRINA GROUP has this day served PLAINTIFFS' RESPONSE TO MOTION FOR PROTECTIVE ORDER to the counsel noted below through electronic means and by U.S. Mail to:

>H. Scot Spragins
>HICKMAN, GOZA & SPRAGINS, PLLC
>Post Office Drawer 668
>Oxford, MS 38655-0668

counsel for State Farm Fire and Casualty Company.

ON THIS the 8th day of November, 2006.

>s/Derek A. Wyatt
>Derek A. Wyatt,