**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

WILLIAM C. PONTIUS, M.D. and
MOLLIE J. PONTIUS                                                                          PLAINTIFFS

vs.                                         CIVIL ACTION NUMBER 1:06CV749-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY;
an Illinois Corporation; and JOHN AND JANE DOES 1-10           DEFENDANTS

**EMERGENCY MOTION
TO COMPEL AND FOR RELATED RELIEF**

The Plaintiffs, William Pontius, M.D. and Mollie J. Pontius, by and through counsel move the Court for an emergency order compelling State Farm Fire and Casualty Company ("State Farm") to comply with the *Federal Rules of Civil Procedure* by designating corporate 30(b)(6) deponents, by immediately making available such persons for completion of the 30(b)(6) deposition of State Farm, and by producing documents and things requested by Plaintiffs in advance of resuming the 30(b)(6) deposition. Plaintiffs request other related relief as stated in this Motion.  In support of this Motion, Plaintiffs show as follows:

1. The Declaratory Judgment Count (Count Six) set forth in *Plaintiffs' First Amended Complaint* was ordered by Judge Senter to be placed on an expedited docket. The Court recognized that the central issue in the case *sub judice* may affect other Katrina cases on the Court's docket, wherein the same policy is in dispute.

2. In brief, Plaintiffs seek a declaratory judgment finding that as a matter of law the "Water Damage" provision of State Farm's Homeowners policy form FP-9755, (in Dr. Pontius' case, policy number 24-BD-8029-9), does not exclude damage under Coverage A to Dwellings by or from water-borne objects, material or debris.

3. To that end, a *Case Management Order* entered by Judge Walker on August 24, 2006, stated that discovery at this time is limited to "the underwriting of the flood exclusion of insurance policy form #FP-7955 (8-96) which excludes damage to dwellings by water borne materials, objects or debris." All other causes of action and requests for relief are held in abeyance pending the Court's ruling on Count Six for Declaratory Judgment relief. Pursuant to text orders entered by Judge Walker on October 18 and 19, 2006, discovery ended November 3, 2006, and the deadline for dispositive motions is currently set as Thursday, November 9, 2006.

4. Following the initial case management conference on or about August 24, 2006, counsel for State Farm and Plaintiffs' counsel agreed that Plaintiffs would submit their requests for production of documents by letter. Plaintiffs delivered their letter containing a list of requested documents to defense counsel on September 26, 2006, a copy of which is attached as Exhibit "A".

5. Counsel for both parties also agreed that Plaintiffs would take the 30(b)(6) deposition of State Farm as expeditiously as possible due to the limited time for discovery and the impending dispositive motion deadline set by the Court. A draft copy of Plaintiffs' Notice of 30(b)(6) Deposition and a request for date confirmation was transmitted to counsel for State Farm on September 27, 2006. A copy of same is attached as Exhibit "B". Because no date confirmation was forthcoming from defense counsel, Plaintiffs filed and transmitted their *Notice of 30(b)(6) Deposition* on October 11, 2006, setting the deposition date for October 18, 2006. In accordance with Rule 30(b)(1) of the *Federal Rules of Civil Procedure*, and applicable case law furnished to defense counsel for review, the *Notice of 30(b)(6) Deposition* stated the time and place of the

2

deposition as 9:00 AM, October 18, 2006, at the office of State Farm in Bloomington, Illinois. Due to continued inability of Plaintiffs' counsel to obtain a date confirmation from defense counsel regarding the actual date for said deposition, on October 30, 2006, Plaintiffs filed their *Re-Notice of 30(b)(6) Deposition* confirming the date of October 31, 2006, a copy of which is attached as Exhibit "C".

**6.** At the commencement of State Farm's 30(b)(6) deposition on October 31, 2006, in Bloomington, Illinois, counsel for State Farm designated Stephan Hinkle and Karen Terry as State Farm's testifying representatives with respect to some of the topics listed in the *Re-Notice of 30(b)(6) Deposition*. However, counsel for State Farm refused to designate for twelve (12) other categories. The topics for which State Farm declined and refused to designate corporate representatives are as follows:

> **30(b)(6) category No. 2** -- Drafting and implementation of anti-concurrent causation and or "water damage" provisions in policy form FP-7955;
>
> **30(b)(6) categories Nos. 4, 5 and 6 --** Operation Guides on or about August 29, 2005 as they relate to anti-concurrent causation and or "water damage" provisions in policy form FP-7955;
>
> **30(b)(6) category No. 7 --** Any and all claims committee recommendations, general claim bulletins and/or claim consultant's recommendations relating to anti-concurrent causation and or "water damage" provisions in policy form FP-7955;
>
> **30(b)(6) categories Nos. 8, 9 and 10 --** Any and all categories that specifically relate to Catastrophic (CAT) services;

> **30(b)(6) category No. 13 --** Any instructions to field or other claim personnel pertaining to anti-concurrent causation and or "water damage" provisions in policy form FP-7955;
>
> **30(b)(6) categories Nos. 14 and 18 --** Areas subject to "protective orders not yet filed with this Court"; and,
>
> **30(b)(6) category No. 3 --** Any questions regarding any documents that will supply the defense a legal position that the sailboats hitting Plaintiffs' property are not covered under the subject policy;

7. For approximately two (2) weeks prior to State Farm's deposition, defense counsel refused to produce requested documents unless Plaintiffs agreed to entry of State Farm's unilaterally drafted and proposed Protective Order. On October 26, 2006, State Farm eventually provided Plaintiffs with its Privilege Log (bearing an erroneous date of service on Plaintiffs counsel of November 6, 2006), copy of which is attached as Exhibit "D".

8. Plaintiffs advised defense counsel in multiple letters and emails that counsel could not agree to State Farm's proposed Protective Order but, understanding that defense counsel was furthering State Farm's position that everything produced is confidential and a trade secret, Plaintiffs' counsel did agree, verbally and in writing, to hold in confidence all documents listed on State Farm's Privilege Log while State Farm sought, if it chose, to file a motion asking the Court for a protective order as to some or all of the documents claimed as trade secrets. A copy of Plaintiffs' most recent written commitment to hold such documents in confidence is attached as Exhibit "E".

9. Despite State Farm's knowledge that Plaintiffs declined to execute State Farm's proposed protective order, State Farm <u>chose not to file</u> a motion for protective order for said documents until November 2, 2006, a time *after* the 30(b)(6) deposition had recessed. (State Farm's deposition commenced on October 31, 2006, and continued through November 1, 2006, when it was recessed at that time because designees were not identified, and documents were withheld). State Farm's *Motion for Protective Order* was untimely filed in violation of *Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi* ("*Uniform Local Rules*") Rule 7.2(B)(2), Rule 7.2(H), and Rule 37.2. State Farm's Motion does not operate as a stay pursuant to Rule 37.2 of the *Uniform Local Rules*. (Plaintiffs have separately responded to State Farm's untimely filed *Motion for Protective Order*).

10. Additionally, contained within the body of State Farm's November 2, 2006, *Motion for Protective Order* is yet another Privilege Log which contains a more expansive list of documents than appears on State Farm's initial Privilege Log served on October 26, 2006.

11. State Farm produced its designated corporate representative Karen Terry for deposition on November 1, 2006, in a manner inconsistent with the *Federal Rules of Civil Procedure* and *Uniform Local Rules*. At the start of day two of the State Farm deposition, defense counsel spontaneously handed-over to Plaintiffs' counsel a brown cardboard box containing approximately 1,013 pages of documents Plaintiffs had never seen before. The documents were tendered as supporting information for Karen Terry's proposed 30(b)(6) testimony. The approximately 1,013 pages of documents are not listed on State Farm's Privilege Log(s). Given that Plaintiffs' counsel could not

hope to review the 1,013 pages of documents and at the same time continue to conduct the examination of Stephan Hinkle (the other 30(b)(6) designee), Plaintiffs' counsel suggested Ms. Terry be briefly sworn in to make a record wherein Plaintiffs preserve their objections and then released so she would not have to sit and wait out during the completion of Stephan Hinkle's testimony. Apparently defense counsel misunderstood, and released Ms. Terry before any record of her appearance could be made. Attached as Exhibit "F" is the court reporter's transcript for the non-appearance of Ms. Terry.

12. During the first and second day of State Farm's deposition, Plaintiffs on their own investigation learned that the designee Stephan Hinkle actually maintains a residence in Brandon, Mississippi. Despite the unilateral edict from State Farm's counsel prior to the deposition that the 30(b)(6) witnesses "will not be available" at the offices of State Farm and at the "time" Plaintiffs noticed, defense counsel never disclosed to Plaintiffs' counsel that the designee for all but one of the 30(b)(6) categories was a resident of Brandon, Mississippi, and in fact was on his way to Mississippi at the very time the deposition was taking place. The 30(b)(6) deposition of State Farm was recessed during the testimony of Mr. Hinkle due to a dispute among counsel over production of documents that State Farm contends are trade secrets. Plaintiffs now seek a court order compelling State Farm to produce Mr. Hinkle so that the deposition can be completed at least as to the topics for which Mr. Hinkle was designated. Plaintiffs request that Mr. Hinkle and any additional 30(b)(6) designees, if any, be ordered to appear for further examination in the Jackson, Mississippi metropolitan

area rather than causing both parties for a second time to incur additional and unnecessary expense to travel to Bloomington, Illinois.

13. Further, Plaintiffs seek a court order compelling State Farm to produce the following documents and things which have not been produced despite defense counsel's commitment to do so:

   a. System log of reported claims, entries 1, 7, and 11;

   b. Complete Claim Service Records for both the FP-7955 homeowners policy and the Standard Flood Insurance policy, including all entries omitted from copies of same previously produced;

   c. Operation Guide 75-100 (claim interpretations of first party losses insured);

   d. Fire Claim Code Manual;

   e. Legal opinions on subject policy water damage coverage provisions;

   f. File rating information in connection with the anticipated testimony of designee, Karen Terry;

   g. Original draft dated September 10, 2005 of Stephan Hinkle's September 13, 2005 Wind/Water Claim Handling Protocol memorandum;

   h. All revisions to Hinkle's original draft of the Wind/Water Claim Handling Protocol memorandum;

   i. State Farm's payment codes, loss codes, cause of loss codes, and comment codes including without limitation codes for wind damages, wind driven damages, water borne objects, water borne debris, and water borne materials;

   j. All "claim surveys" for water damage claims and claims for damage caused by water borne materials, objects and/or debris;

    k. All documents and things previously requested which are not listed on either of the two privilege logs provided by State Farm; and

    l. All documents and things listed on both privilege logs provided by State Farm.

14. Defense counsel's impediments, delay and lack of cooperation have frustrated the fair examination of State Farm by Plaintiffs in violation of the *Federal Rules of Civil Procedure,* the *Uniform Local Rules,* and the cases construing such. Accordingly, pursuant to *Federal Rules of Civil Procedure*, Rule 30(d)(3), Plaintiffs request the Court to extend the duration of the 30(b)(6) deposition to twelve (12) hours and impose appropriate sanctions including the reasonable cost and attorney fees incurred by Plaintiffs as a result thereof.

15. Plaintiffs have significant rights that deserve protection by entry of this Court's order compelling State Farm to produce the documents and things requested by Plaintiffs by a date certain at a specified location and compelling State Farm to designate and produce for deposition its corporate representatives for all topics listed in *Plaintiffs' Re-Notice of 30(b)(6) Deposition.* Furthermore, by selectively expediting the declaratory count of this case, the Court has expressed a view that the central issue raised in this action is one which may have salient effect on the resolution of many other Hurricane Katrina cases wherein State Farm's form policy FP-7955 and the "Water Damage" provision is in issue.

16. Plaintiffs' counsel certify that they have conferred in good faith with counsel for State Farm in a failed attempt to resolve the disputes concerning State Farm's delinquent production of documents, State Farm's refusal to designate corporate representatives for its 30(b)(6) deposition, and State Farm's refusal to provide dates and locations for

the conclusion of the deposition.    A chronology of communications between Plaintiffs and defense counsel is attached as Exhibit "G".

17. Currently, Plaintiffs' briefing deadline is Thursday, November 9, 2006. Because of the urgent nature of this Motion, no separate memorandum is filed in support, pursuant to *Uniform Local Rule* 7.2(H).

WHEREFORE, premises considered, Plaintiffs pray that the Court will order State Farm to produce the documents and things requested by Plaintiffs, to designate corporate representatives for State Farm's 30(b)(6) deposition in all categories for which it has refused, to extend the deposition duration to 12 hours, and to produce said documents and corporate designees on a date certain at a specified location in the Jackson, Mississippi metropolitan area in order for Plaintiffs to conclude the 30(b)(6) deposition of State Farm. Plaintiffs also request that the Court extend the briefing deadline from November 9, 2006, for a period of an additional fourteen (14) days after the 30(b)(6) deposition of State Farm is finally completed. Plaintiffs also pray for such other relief as the Court deems appropriate.

    Respectfully submitted,

    **WILLIAM C. PONTIUS, M.D. and**
    **MOLLIE J.PONTIUS,**
    **PLAINTIFFS**

    BY: _s/ Mary E. McAlister_____
       DEREK A. WYATT, MSB No. 7413
       MARY E. MCALISTER, MSB No. 2170
        Attorneys for Plaintiffs

OF COUNSEL:

SCRUGGS KATRINA GROUP:

Richard F. Scruggs, MSB #6582
Sidney A. Backstrom, MSB# 99890
David Zachary Scruggs, MSB #100011
David Shelton, MSB# 99675
120-A Courthouse Square P.O. Box 1136
Oxford, MS 38655
Telephone: (662)281-1212
Facsimile: (662)281-1312
dickscruggs@scruggsfirm.com
sidbackstrom@scruggsfirm.com
zachscruggs@scruggsfirm.com
davidshelton@scruuasfirm.com

Don Barrett, MSB Bar No. 2063
Derek A. Wyatt, MSB Bar No. 7413
Marshall Smith, MSB Bar No. 99239
BARRETT LAW OFFICE P.O. Box 987
Lexington, MS 39095
Tel: 662-834-2376
 Fax: 662-834-2409
dbarrett@,barrettlawoffice.com
dwyatt@barrettlawoffice.com
mhsmithir@barrettlawoffice.com

Dewitt M. Lovelace, MSB No. 1449
LOVELACE LAW FIRM, P.A.
36474 Emerald Coast Parkway Suite 4202
Destin, FL 32541
Tel: (850) 837-6020
Fax: (850) 837-4093
dml@lovelacelaw.com

John Griffin Jones, MSB No. 3217
Steven H. Funderburg, MSB No. 9959
T. Stewart Lee, Jr., MSB No. 100396
JONES, FUNDERBURG, SESSUMS, PETERSON & LEE
901 North State Street
P.O. Box 13960
Jackson, MS 39236-3960
Telephone: (601) 355-5200
Facsimile: (601) 355-5400
johnjones@ifsplawfirm.com
sfunderbura@ifsplawfirm.com
slee@jfsplawfirm.com

Mary E. McAlister, MSB No. 2170
Shawn M. Alexander, MSB No. 102331
NUTT & MCALISTER, PLLC
605 Crescent Boulevard, Suite 200
Ridgeland, MS  39157
Telephone:  (601) 898-7302
Facsimile:  (601) 898-7304
mcalister@davidnutt.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of *Plaintiffs' Emergency Motion To Compel And For Related Relief* via the Court's electronic filing system, upon the following:

H. Scot Spragins
sspragins@hickmanlaw.com

This the 8th day of November, 2006.

                                                   s/ Mary E. McAlister
                                                   DEREK A. WYATT, MSB No. 7413
                                                   MARY E. MCALISTER, MSB No. 2170